# Lease or Loan of Aircraft to Foreign Countries for Assistance in International Narcotics Control Under Subsection 506(a)(2) of the Foreign Assistance Act of 1961

The federal government may lease or loan Department of Defense aircraft to foreign countries to assist in international narcotics control under the authority of subsection 506(a)(2) of the Foreign Assistance Act of 1961.

June 4, 1990

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

This memorandum responds to a request from David C. Miller, Jr., Special Assistant to the President and Senior Director, National Security Council, for our advice whether the federal government may lease or loan aircraft to foreign countries to assist in international narcotics control under the authority of subsection 506(a)(2) of the Foreign Assistance Act of 1961, as amended (the "FAA"), 22 U.S.C. § 2318(a)(2). For the reasons that follow, we conclude that aircraft may be leased to foreign countries to assist in international narcotics control under the authority of that provision.[1]

## Discussion

Subsection 506(a)(2) of the FAA grants the President authority, inter alia, to draw down "defense articles" and "defense services" from the stocks of the Department of Defense "for the purposes and under the authorities of" sections 481 through 489 of the FAA, 22 U.S.C. §§ 2291-2291h, if he determines and reports to Congress that the provision of such assistance is "in the national interest." 22 U.S.C. § 2318(a)(2)(A)(i).[2] Sections 481 through 489 of the FAA relate to international narcotics control. In particular, subsection 481(a)(4) of the FAA authorizes the President, "[n]otwithstanding any other provision of law, . . . to furnish assistance to any country or international organization, *on such terms and conditions as he may determine*, for the control of narcotic and psychotropic drugs and other controlled substances." 22 U.S.C. § 2291(a)(4) (emphasis added).[3] The express grant of authority in

---

[1] Both the Department of State and the Defense Security Assistance Agency concur in this conclusion.

[2] Subsection 506(a)(2) of the FAA also grants the President authority to draw down "defense articles" and "defense services" from the stocks of the Department of Defense to provide international disaster assistance under 22 U.S.C. §§ 2292-2292q, or to meet refugee and migration needs under the Migration and Refugee Assistance Act of 1962, as amended, 22 U.S.C. §§ 2601-2606. 22 U.S.C. § 2318(a)(2)(A)(ii). The aggregate value of the articles and services drawn down under the authority of subsection 506(a)(2) is limited to $75 million per fiscal year. 22 U.S.C. § 2318(a)(2)(B).

subsection 506(a)(2) of the FAA to furnish assistance under subsection 481(a)(4) of the FAA is clearly broad enough to encompass leases or loans of defense articles such as aircraft to foreign countries to assist in international narcotics control. Indeed, the term "defense article" is defined in subsection 644(d)(1) of the FAA, 22 U.S.C. § 2403(d)(1), as including "any weapon, weapons system, munition, aircraft, vessel, boat or other implement of war."

## Conclusion

We conclude that the federal government may lease or loan Defense Department aircraft to foreign countries to assist in international narcotics control under the authority of subsection 506(a)(2) of the FAA, 22 U.S.C. § 2318(a)(2).

J. MICHAEL LUTTIG
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[3] Because subsection 481(a)(4) of the FAA authorizes the President to furnish assistance "[n]otwithstanding any other provision of law," we need not resolve the question whether the Arms Export Control Act (the "AECA") would otherwise prohibit the lease of defense articles such as aircraft under the FAA. Subsection 61(a) of the AECA specifically authorizes the President to "lease defense articles in the stocks of the Department of Defense to an eligible foreign country or international organization" if he "determines that there are compelling foreign policy and national security reasons" for such action. 22 U.S.C. § 2796(a). Under subsection 61(c) of the AECA, "lease[s] or loan[s]" of such articles may be made "only under the authority of this subchapter [22 U.S.C. §§ 2796-2796d] or chapter 2 of part II of the Foreign Assistance Act of 1961 [22 U.S.C. § 2311 et seq.]." 22 U.S.C. § 2796(c).

Subsection 506(a)(2) of the FAA, 22 U.S.C. § 2318(a)(2), is contained in "chapter 2 of part II of the [FAA]," *see* Pub. L. No. 87-195, 75 Stat. 424, 435-38 (1961), and thus subsection 61(c) does not appear on its face to prohibit the making of leases or loans under the authority of FAA subsection 506(a)(2). Nevertheless, we have been advised by Jerome H. Silber, General Counsel of the Defense Security Assistance Agency, that despite the plain language of subsection 61(c), there is some question as to whether subsection 61(c) was intended to permit the making of leases under the authority of the FAA. Mr. Silber agrees, however, that this issue need not be resolved here in light of the express grant of authority in subsection 481(a)(4) of the FAA to furnish assistance "[n]otwithstanding any other provision of law."

120